*126 OPINION.
Van Fossan:
The leasehold on the coal properties was acquired subsequent to March 1, 1913; therefore, any allowance for depletion thereof must be based upon cost. The record shows that the lease was acquired by the petitioner after its organization through one of its stockholders acting as agent. No bonus was paid for the lease, although a bond was required, but on the contrary the lessor paid to the petitioner $5,000 as an inducement to take the lease. The royalty rate specified under the petitioner’s lease was 5 cents a ton, which was 2 cents in excess of the rate required in the Patterson lease, which was acquired by the No. 9 Coal Co. one month earlier.
It appears that the respondent has allowed all the capital expenditures made for plant equipment and development, and has granted adequate deductions on account of the depreciation or exhaustion thereof, no controversy existing on this point.
Since it has not been shown that any amount was paid for the lease or could be assigned as cost of the lease in 1915, there is no basis upon which depletion could be allowed. The action of the Commissioner in refusing to allow depletion for the year 1920 is accordingly approved.
A second issue relates to a deduction on account of coal taken and lost by trespass. The petitioner claims that it is entitled to *127 some deduction on this account, and has entered its claim for a loss due to such circumstances or an allowance for depletion on the amount of coal involved. This second contention is answered by our disposition of the first issue in this case, and no depletion is allowable. Similarly, there exists no basis for loss, since loss must be based upon cost. Furthermore, it has not been shown that the coal was extracted by the trespasser during the year 1920, and may have been largely extracted prior thereto.
The judgment of the court, the award of damages, and the acquisition of some of the assets of the White Coal Mining Co., all happening subsequent to 1920, do not affect the tax liability for the year 1920.
The action of the Commissioner in refusing to allow any deduction on account of this trespass is approved.

Judgment will he entered for the respondent.